BIRCH and BARKETT, Circuit Judges, and GODBOLD, Senior Circuit Judge, dissenting:

Motion to Supplement the Record or for a Remand to Do So:

We dissent from the court's denial of Ms. Shahar's motion to supplement the record. Mr. Bowers' public statement is relevant to whether his asserted fear of adverse public reaction to perceived sexual misconduct of persons in the Georgia Department of Law was a bona fide reason for terminating Shahar, and to whether he acted as a non-discriminatory decisionmaker in the Shahar matter.

Failure to seek discovery at the trial level is no bar to supplementing the record. The inquiry at the trial court stage concerned policy relating to employees of the Department, not the conduct of Mr. Bowers himself as head of the Department or his capacity as a decisionmaker concerning Shahar. Moreover, the discovery "agreement"[1] below is irrelevant to this motion to supplement. Shahar does not ask that she somehow be allowed to pursue discovery in contravention of the agreement. Bowers admitted publicly certain facts, less than

---

[1] The record shows that the alleged agreement was never executed by the parties. We assume that there was an agreement to limit discovery for the purpose of this motion.

one week after the decision of the en banc court was published. The case is still open, as it is subject to a petition for rehearing. See Fed. R. App. P. 40. Shahar asks that the court supplement the record with Bowers' admission. We see no difference between this situation and one where Bowers would have made his admission before the en banc decision issued. Surely, at that stage, Shahar's failure to pursue the new information below would have worked no bar to supplementing the record.

The majority contends that the equities are against Shahar to supplement the record at this late stage because she failed to discover the information about Bowers' affair in the district court. We submit that the majority should have, in balancing the equities, also considered the fact that Bowers waited until a few days after its decision issued before he made the information public. This timing, to say the least, is suspicious; especially considering that, despite his discovery agreement with Shahar, Bowers was able to argue in this court "issues of public perception and of appearances on the matter of sodomy and []married[] homosexuals in general." Majority Order at 3

n.1.  Not only was Bowers able to argue that point, but he also was able to argue that Shahar could not function as a trustworthy member of his staff because she likely had a conflict of interest with respect to Georgia's sodomy laws. Considering that Bowers admits that, perhaps at the very time he fired Shahar, he also was breaking Georgia's adultery and fornication laws, his justification is entitled to no weight.  At the very least,  Bowers' justification evinces discrimination against Shahar solely on the basis of her status as a homosexual, since Bowers did not make the same assumption about conflict of interest with respect to himself or other lawyers in his department.  See Shahar v. Bowers, 114 F.3d 1097, 1128-29 & nn.6-7 (11th Cir. 1997) (Birch, J., dissenting).

Judicial notice is obviously appropriate.  The "newspaper account" was not a reporter's conclusion or a statement by a third party; it was a statement by Mr. Bowers himself made through his own political campaign headquarters, admitting his conduct and asking forgiveness for it.  It was published nationwide by newspapers, radio, television, and magazines of national circulation.  Surely this court can know the content of a

statement that is relevant, accurate because made by Mr. Bowers himself, and known to millions. Moreover, in light of the fact that "Attorney General Baker and Mr. Bowers have no objection to the Court's including the proffered information in the record of this case," Response of Attorney General Thurbert E. Baker and Former Attorney General Michael J. Bowers to Appellant's Motion to Supplement the Record or for a Remand to Do So at 7, we fail to see why the court refuses to do so.

Petition for Rehearing:

We dissent from the court's denial of Ms. Shahar's petition for rehearing.